UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOBBY MCADAMS, *et al.*, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION H-10-831 |
| MEDTRONIC, INC., *et al.*, | § § § | |
| *Defendants*. | § | |

| | | |
|---|---|---|
| BOBBY MCADAMS, *et al.*, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION H-10-2336 |
| MEDTRONIC, INC., *et al.*, | § § § | |
| *Defendants*. | § | |

### ORDER

Pending before the court is defendants Ethex Corporation and K-V Pharmaceuticals Company's emergency motion to vacate. Dkt. 45. Upon consideration of the motion, the response, the arguments of the parties, and the applicable law, the motion is GRANTED as detailed below.

### BACKGROUND

**A.  Factual Background**

This case involves the death of Tina McAdams. Dkt. 1. Tina[1] had surgery to implant an intrathecal pain pump. *Id.* The pump was manufactured by defendant Medtronic, Inc. *Id.*

---

[1] Because all of the plaintiffs in this case are named McAdams, the court uses Tina McAdams's first name for ease of reference.

Defendant Gary Williams—a representative of Medtronic—assisted in the implantation of the pump to the extent that he programmed the pump prior to implantation. *Id.* Defendant Hattie Johnson—a nurse at the hospital where the surgery took place—discharged Tina the next day without a medical reconciliation form, although Tina allegedly displayed conditions that would contradict a discharge. *Id.* Three days later, Tina died from morphine toxicity. *Id.*

Plaintiffs have moved this court for leave to amend their original state court petition. Dkt. 33. As part of their first amended complaint, they seek to add Dr. Stephen Sims, both as an individual and as a professional association. Dkt. 33. Dr. Sims implanted the pump and gave the discharge instructions for Tina. Additionally, they would add Rebecca Luchak an R.N. who handled Tina's admission to the hospital, allegedly failing to obtain an accurate history of Tina's current medications. *Id.* Lastly, proposed defendants Ethex Corporation and K-V Pharmaceuticals manufactured the morphine sulfate that plaintiffs allege was taken by Tina. *Id.* Plaintiffs allege that the morphine was improperly manufactured and could have contained up to two times the labeled level of active morphine sulfate. *Id.*

**B.     Procedural Background**

Because the timing of the events leading up to this motion is crucial, a time line of events is helpful. All of the events took place in 2010.

2/16    Original petition filed in state court. Dkt. 1.

2/22    Medtronic, Williams, and Johnson served with state court petition. Dkt. 1.

3/12    Notice of Removal filed in this court. Dkt. 1

3/12    Notice of Removal filed in the state court action. Dkt. 45, Ex. C.

3/15    One of plaintiffs' counsel—Bennie Rush—received the Notice of Removal. Dkt. 45, Ex. D.

3/16   Plaintiffs filed their First Amended Petition in state court seeking to add Ethex Corporation ("Ethex") and K-V Pharmaceuticals Company ("K-V"). Dkt. 45.

3/17   Plaintiffs' other counsel—Mickey Das—received the Notice of Removal. Dkt. 45, Ex. D.

3/26   Plaintiffs filed their Motion to Remand. Dkt. 10.

3/29   Ethex and K-V's registered agent received service of the First Amended Petition. Dkt. 45, Ex. E.

3/31   Statute of limitations against Ethex and K-V runs. Dkt. 51.

4/13   Ethex and K-V discovered both that the state case was removed, and that the removal was effected before the First Amended Petition was filed. Dkt. 45, Ex. E.

4/16   Ethex and K-V informed plaintiffs that because the First Amended Petition was void, they were not required to answer. *Id.*

4/20   Plaintiffs filed Motion for Leave to Amend their Complaint in this court. *Id.* Plaintiffs informed Ethex and K-V and requested they accept service. *Id.*

4/28   Ethex and K-V told plaintiffs that they would accept service if and when this court grants the Motion to Amend. *Id.*

6/1    Plaintiffs filed a Motion for a New Cause Number in state court. *Id.* Notably, in that motion the plaintiffs argue that they should be given a new cause number because the case was removed *before* they filed their First Amended Petition. *Id.* Ethex and K-V allege that they were never served with this motion. *Id.*

6/3    The state court granted the Motion for a New Cause Number (the "A case"). *Id.*

6/3    Plaintiffs filed their Second Amended Original Petition in the A case, adding Dr. Sims, his P.A., Rebecca Luchak, and Cynthia Hunter. Dkt. 51, Ex. 9.

6/3    Plaintiffs filed a Motion for Default Judgment in state court in the A case, arguing that Ethex and K-V had been served on March 29, 2010 when they received service of the First Amended Petition. Dkt. 45, Ex. E. Ethex and K-V allege that, as with the motion for a new cause number, they were never served with the motion. *Id.*

6/4    The state court granted the Motion for Default Judgment. *Id.*

6/17   Ethex and K-V learned about the Order Granting New Cause Number. *Id.*

6/22   Ethex and K-V learned from the state court docket sheet that an Order Granting Default Judgment may have been entered against them. *Id.*

6/23  Ethex and K-V obtained copies of the Motion for Default Judgment and Order Granting Default Judgment. *Id.* Notably, the Order Granting Default Judgment called for a hearing on damages, but did not set a date. *Id.*

6/24  The state court severed out Ethex and K-V into a separate case (the "B case") and entered Final Default Judgment against Ethex and K-V for 6.5 million dollars each. Dkt. 45, Ex. M; Dkt. 51, Ex. 11.

6/30  Ethex and K-V filed their Verified Plea to the Jurisdiction in all three state cases, and Verified Motions for New Trial in the A and B cases. Dkt. 51, Ex. 14. Additionally, Ethex and K-V filed Notices of Removal in all three state cases. *Id.*

6/30  Ethex and K-V file emergency motions in this court to consolidate the new federal case into the existing federal case, and to vacate the state court default judgment and post-removal orders.

7/1  This court granted consolidation of Ethex and K-V's removed case into the Medtronic case and set a hearing on Ethex and K-V's Emergency Motion to Vacate the state court's default judgment.

7/6  This court held a hearing on the Emergency Motion to Vacate.

## ANALYSIS

In their motion to vacate, Ethex and K-V ask this court to vacate the default judgment and all post-removal orders, filings and proceedings in the main case, the A case, and the B case. Additionally, they move the court for sanctions against plaintiffs' attorney[2] for his role in the post-removal state court proceedings and the events surrounding them.

**A.   Removal**

The first part of this inquiry must be to determine at what point in time the state court was divested of its jurisdiction in this case. Plaintiffs argue that jurisdiction remained with the state court until the last party was served with the notice of removal. Plaintiffs further argue that even if the state court was divested of jurisdiction prior to the filing of the First Amended Petition, the removal

---

[2] In their motion Ethex and K-V move for sanctions against the plaintiffs. Dkt. 45. However, at the hearing on July 6, 2010, they amended their position and requested sanctions against plaintiffs' attorney, Mickey Das, arguing that the actions in question were solely the acts of plaintiffs' attorney, not plaintiffs themselves.

4

was effective only as to the *defendants* named in the original case, and not the case as a whole. Therefore, they reason that the state court still had jurisdiction over those defendants not parties to the case when it was removed. Ethex and K-V contend that the state court was divested of jurisdiction at the time the Notice of Removal was filed with the state court. And, they argue that the removal affected the entire case, not just the currently named parties. The court agrees.

### 1. When was Removal Effected?

Removal is governed by 28 U.S.C. § 1446 which states in relevant part that

> [p]romptly after the filing of [a] notice of removal of a civil action [in the federal court] the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d). While the statute requires that the removing defendant give notice to the court and all parties, and there is some disagreement in the case law as a whole, Fifth Circuit case law consistently suggests that the state court is divested of jurisdiction when the state court receives either actual or constructive notice of the removal. *See Murray v. Ford Motor Co.*, 770 F.2d 461, 463 (5th Cir. 1985) (citing *Medrano v. State of Texas*, 580 F.2d 803, 804 (5th Cir. 1978)). In *Medrano*, the appellant filed a Notice of Removal with the district court, but not the state court. *Medrano*, 580 F.2d at 804. The state court, unaware of the removal, proceeded to trail on the merits. *Id.* The Fifth Circuit held that the state court retained jurisdiction until the state court judge received notice—actual or constructive. *Id.* The court did not examine when the opposing side received notice when determining at what point jurisdiction shifted.

Likewise, in *Murray v. Ford Motor Co.*, to determine when jurisdiction shifted the court examined the point at which the state court received notice. *Murray*, 770 F.2d at 463. There, the state court entered default judgment after the Notice of Removal had been filed in the district court,

5

but was still in the mail to the state court. *Id.* at 462–63. Two days later, the parties appeared before the state court in an attempt to vacate the default judgment. *Id.* At that hearing, the Notice of Removal was put into evidence—ostensibly to explain why the default should be set aside. *Id.* at 463. The state court then vacated the default judgment. *Id.* The parties proceeded for over a year in the state court, until the plaintiffs moved to declare the state court judgment final. *Id.* The Fifth Circuit held that the state court still had jurisdiction over the parties when it entered the default judgment, because the court did not know of the removal. *Id.* However, the state court was on notice of the Notice of Removal when it vacated the default judgment because the notice was a part of the evidence supporting the motion to vacate. *Id.* Citing *Medrano*, the court held that "the state court continues to have jurisdiction until it has been given actual or constructive notice of removal." *Id.* (citing *Medrano*, 580 F.2d at 804).

The Fifth Circuit case law has been quite consistent in holding that the state court ceases to have jurisdiction when the state court is given notice. *See, e.g., Butler v. King*, 781 F.2d 486, 489 (5th Cir. 1986) (quoting 28 U.S.C. § 1446(e)) ("Once a copy of the removal petition is filed *with the clerk of the state court*, 'the State court shall proceed no further unless and until the case is remanded.'") (emphasis added); *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 547 (5th Cir. 1985) ("[T]he state court retains jurisdiction until *the state court* receives actual or constructive notice of the removal.") (emphasis added); *Finley v. United States*, 612 F.2d 166, 173 n.5 (5th Cir. 1980). The Eighth Circuit has directly addressed the issue holding that "the removal statute leaves little room for creative interpretation. The only rule that logically follows from 28 U.S.C. § 1446(d) is that removal is effected when the notice of removal is filed with the state court and at no other time." *Anthony v. Runyon*, 76 F.3d 210, 214 (8th Cir. 1996). Therefore, the court finds that the state court was divested of jurisdiction over this matter on March 12, 2010 when Medtronic filed its Notice of

Removal in the state court. And, once the state court has notice of the removal any further proceedings in the state court action are void. *Medrano*, 580 F.2d at 804.

### 2. The Scope of Removal

Plaintiffs argue in the alternative that the removal affected only the parties to the suit at the time of removal. Therefore, since the removal affected only the those defendants named before March 12, 2010, the state court still had jurisdiction over the defendants added in the First Amended Petition. However, this contention finds no support in the plain language of the removal statutes. Sections 1441(a) and (b) allow for removal of "civil actions" not defendants. 28 U.S.C. §§ 1441(a), (b). Section 1446 sets out the procedure for removal of "any civil action," not removal of parties. §§ 1446(a), (b), (d). Moreover, the case law is clear that "all then served and properly joined defendants [must] join in the removal petition." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.9 (5th Cir. 1988). If any defendant does not consent to removal, the case should be remanded under § 1447. *Id.* Therefore, based on the plain language of the removal statutes and the import of the case law regarding the consent of defendants to removal, the plaintiffs' argument fails. Accordingly, the court finds that the state court was divested of all jurisdiction over the entire case on March 12, 2010.

### B. Result of Removal on State Court Post-Removal Proceedings

Ethex and K-V move this court to vacate the default judgment enter in the A and B cases. Plaintiff argues that this court must first determine its jurisdiction before taking any action. For this proposition, plaintiffs cite *Steel Co. v. Citizens for a Better Environment*. 523 U.S. 83, 118 S. Ct. 1003 (1998). In *Steel Co.* the Supreme Court held that a federal court may not proceed to the merits of a case before determining whether it has jurisdiction. *Id.* at 101–02. However, the court's order does not go to the merits of the case. Instead, the court is merely correcting significant procedural

7

defects in the case, which is now before this court. Therefore, this case is distinguishable from *Steel Co.*'s condemnation of hypothetical jurisdiction. Additionally, there is authority that supports the proposition that "any post-removal proceedings in the state court are considered *coram non judice* and will be vacated by the federal court, even if the removal subsequently is found to have been improper and the case is remanded back to that state court." 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE: JURISDICTION § 3736 (4th ed. 2009) (collecting cases). Therefore, the court may proceed to examine the post-removal actions in the state court without running afoul of *Steel Co.*

In a case which has been properly removed—from a procedural standpoint—the federal district court may issue orders to protect its jurisdiction. For example, a district court may set aside a state court default judgment in the underlying case under Rule 60(b). *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 119 (5th Cir. 1992). Additionally, a "federal court may enjoin a party from enforcing [a] state court judgment." *E.D. Sys. Corp. v. SW Bell Tel. Co.*, 674 F.2d 453, 458 (5th Cir. 1982). The Fifth Circuit has upheld a district court's declaration that post-removal state court orders were void. *Adair Pipeline Co. v. Pipeliners Local Union No. 798*, 325 F.2d 206, 207 (5th Cir. 1963) (per curium). Lastly, the district court may be able to enjoin the state court from further proceedings based on an exception to the Anti-Injunction Act, 28 U.S.C. § 2283. *Fulford v. Transport Servs. Co.*, 412 F.3d 609, 612 (5th Cir. 2005).

### 1. Post-Removal Actions

Ethex and K-V move the court to vacate all post-removal actions of the state court. It is well-established law that post-removal actions are void because they are *coram non judice*. 28 U.S.C. § 1446(d); *Steamship Co. v. Tugman*, 106 U.S. 118, 122, 1 S. Ct. 58 (1882). Therefore, the court holds that any actions taken by the state court after March 12, 2010 are void for lack of jurisdiction.

Accordingly, the order granting the new cause number is void and the A and B cases must be dismissed. *See Adair Pipeline Co. v. Pipeliners Local Union No 798*, 203 F.Supp. 434, 437 (S.D. Tex. 1962); *see also* WRIGHT, FEDERAL PRACTICE & PROCEDURE § 3736.

### 2. Default Judgment

Additionally, Ethex and K-V have asked this court to vacate the default judgment entered in the A and B cases pursuant to Rule 60(b)(4). "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [because among other] reasons . . . the judgment is void." FED R. CIV. P. 60(b)(4). The Fifth Circuit has "recognized two circumstances in which a judgment may be set aside under Rule 60(b)(4): [1] if the initial court lacked subject matter or personal jurisdiction; and [2] if the district court acted in a manner inconsistent with due process of law." *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003) (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 521–22 (5th Cir. 2002); *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998)). These two categories "allow enough room to capture within their reach situations where the parties' failure to follow relevant law or procedure in securing the judgment will undermine its ultimate validity." *Carter*, 136 F.3d at 1006. "While relief under Rule 60(b) is considered an extraordinary remedy, [the Fifth Circuit] has held that the rule should be construed in order to do substantial justice." *Id.* at 1007.

In the court's view, the default judgment in the A and B cases fall into both categories. Initially, as discussed above, the state court lacked jurisdiction to grant the motion for a new cause number. Once the notice of removal was filed in the state court, that court could proceed no further. 28 U.S.C. § 1446(d). Therefore, the order opening the A case is void for lack of subject matter jurisdiction and it would follow that any orders issued in that case, including the creation of the B case, are also void *ab initio*. Accordingly, the judgment would be void for lack of jurisdiction.

But even assuming that the state court still had the administrative power to sever out the parties from the main case, the default judgment is void because it is inconsistent with due process of law. "Such circumstances are rare because due process in civil cases usually requires only proper notice and service of process and a court of competent jurisdiction." *Callon*, 351 F.3d at 210 (citing *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996)). Here, plaintiffs failed to effect service on Ethex and K-V in the new cause—a textbook example of lack of due process. The citation served on Ethex and K-V was for cause number 24771, not 24771-A or 24771-B. Dkt. 45, Ex. E. Therefore, service was never effected in the A and B cases. Accordingly, the judgment is void.

**C.     Sanctions**

Ethex and K-V move this court to sanction plaintiffs' attorney for his conduct post-removal. The court is troubled by the failure of plaintiff's attorney to give notice to the attorney for Ethex and K-V of the post-removal proceedings in the state court and his that no such notice was required. However, the court has taken that issue under advisement and may later issue a show cause order as to why sanctions should not be imposed.

## Conclusion

Pending before the court is Ethex and K-V's Emergency Motion to Vacate. Dkt. 45. Upon consideration of the motion, the response, the argument of the parties, and the applicable law, the motion is GRANTED.

It is therefore ORDERED that all proceedings in the underlying case numbers 24771, 24771-A, and 24771-B are VOID for lack of jurisdiction.

Additionally, it is ORDERED that the state court's June 4, 2010 Order Granting Default in case number 24771-A is hereby VACATED.

It is further ORDERED that the state court's June 24, 2010 Final Default Judgment in case number 24771-B is hereby VACATED.

And, it is further ORDERED that the member case H-10-2336 is hereby DISMISSED without prejudice for lack of jurisdiction.

It is so ORDERED.

Signed at Houston, Texas on July 7, 2010.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY